FILED & ENTERED

OCT 24 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>John R.D. Fremont<br><br>Debtor. | CHAPTER 7<br><br>Case No.:  2:12-bk-46765-TD<br>Adv No:  2:13-ap-02200-TD<br><br>**ORDER DENYING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  October 2, 2014<br>Time:  11:00 a.m.<br>Courtroom:   1345 |
| John R.D. Fremont<br><br>Plaintiff,<br>v.<br><br>United State of America<br><br>Defendant. | |

    The government moves for summary judgment against the Defendant, a chapter 7 Debtor herein, pursuant to FRBP Rule 7056.  The government seeks a judgment denying dischargeability, under the provisions of 11 U.S.C. § 523(a)(1)(b), based on the facts asserted that the Debtor did not pay his federal income taxes for the years 2001-2003; failed to respond to the government's request for returns and payment; and that

the government then assessed such taxes and recorded liens when the taxes were not paid.

The Debtor responded that he later filed the requested returns and on August 7, 2007, entered into a 60-month installment agreement with the government, all prior to two years before Debtor filed his chapter 7 petition seeking a discharge of such taxes.

The government seeks nondischargeability on these facts; the Debtor believes that the taxes asserted by the government in the assessment and liens should be treated as dischargeable.  A Joint Statement of Undisputed Facts was filed.

The government supports its position with extensive decisional authority but acknowledges the existence of varying outcomes in recent case law.  Most specifically, the government urges that the Smith case, arising in the Bankruptcy Court for the Northern District of California, appealed to the District Court, reversed and remanded, 2014 WL 1727011 (April 29, 2014), and now pending further appeal before the Court of Appeals for the Ninth Circuit, case number 14-15857, may soon provide controlling authority on the issues presented when decided by the Ninth Circuit.

The Debtor takes the opposite position and believes that the dispute should be resolved as dischargeable debt.

This court concludes that the government's extensive citation of decisional law does not resolve the issue in the government's favor.  This court concludes that at present, the decisional authorities do not establish that the government is entitled to judgment as a matter of law and, thus, that the government's motion must be denied. This court also cannot conclude as a matter of law that Debtor's federal tax obligations for 2001-2003 have been discharged.

-3-

IT IS SO ORDERED, for the foregoing reasons, for the reasons discussed on the record at the hearing on the government's motion for summary judgment on October 2, 2014, and for the reasons discussed in Debtor's written opposition filed in this case.

Date: October 24, 2014

Thomas B. Donovan
United States Bankruptcy Judge