Name  Deborah R. Bronner, Bar No. 130305
Address  11600 Washington Place, Suite 116A
City, State, Zip  Los Angeles, CA  90066
Phone  (310) 572-1286
Fax  (310) 572-0112
E-Mail  debbronner@aol.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R.D. FREMONT, <br><br> PLAINTIFF(S), <br> v. <br> UNITED STATES OF AMERICA <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> 2:16-cv-7973-JAK <br><br> **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____ JOHN R.D. FREMONT _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
  ORDER RE APPEAL BANKRUPTCY CT

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____ May 12, 2017 _____. Entered on the docket in this action on _____ May 12, 2017 _____.
A copy of said judgment or order is attached hereto.

| | |
|---|---|
| June 9, 2017 <br> Date | /s/ Deborah R. Bronner <br> Signature <br> ☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk |

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the
        attorneys for each party.  Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number
        of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                              NOTICE OF APPEAL

STATEMENT OF REPRESENTATION
PURSUANT TO F.R.A.P. 12(b) AND 9TH CIR. R. 3-2
Case No. 2:16-cv-07973-JAK

**Appellant John R. D. Fremont**

Represented by:

Deborah Rachel Bronner
Law Offices of Deborah R Bronner
11600 Washington Place Suite 116B
Los Angeles, CA 90066
310-572-1286
Fax: 310-572-0112
Email: debbronner@aol.com

**Appellee United States of America**

Represented by:

Charles W Parker
AUSA - Office of the US Attorney
300 North Los Angeles Street Room 7211
Los Angeles, CA 90012
213-894-2740
Fax: 213-894-0115
Email: charles.parker@usdoj.gov

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. LA CV16-07973 JAK | Date May 12, 2017 |
| Title In re John R. D. Fremont; John R. D. Fremont v. United States of America | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:    **(IN CHAMBERS) ORDER RE APPEAL FROM BANKRUPTCY COURT JS-6**

## I.   Introduction

John R.D. Fremont ("Fremont") appeals the decision by the Bankruptcy Court to grant a Motion for Reconsideration of a Motion for Summary Judgment ("Motion for Reconsideration"). The Motion for Reconsideration was filed by the United States ("Government") on behalf of the Internal Revenue Service ("IRS"). For the reasons stated in this Order, the decision of the Bankruptcy Court is **AFFIRMED**.

Fremont commenced Chapter 7 bankruptcy proceedings on November 1, 2012. Appellant's Excerpts of Record ("AER"), Dkt. 13-1 at ¶ 8. As a part of those proceedings, he identified his outstanding federal tax liabilities for the years 1999 through 2006. *Id.* at ¶ 9. Through the Chapter 7 proceedings, Fremont received a discharge on February 4, 2013. *Id.* at ¶ 10. The IRS determined that Fremont's tax liabilities for the years 1999, 2000, 2004, 2005 and 2006 were subject to discharge, but that his tax liabilities for the years 2001-2003 were not. *Id.* at ¶¶ 11-12.

On December 27, 2013, Fremont filed a Complaint against the Government seeking to have his federal tax liability discharged for the tax years 2001-2003. *Id.* at ¶ 24. The Government moved for summary judgment ("Motion for Summary Judgment"). AER, Dkt 13-11. The Bankruptcy Court denied the Motion for Summary Judgment. *Id.* Subsequently, the Government filed the Motion for Reconsideration. AER, Dkt. 13-26. Following a hearing the bankruptcy Court granted the Motion for Reconsideration, and judgment was entered in favor of the Government. *Id.*

Fremont appealed from the decision of the Bankruptcy Court on October 26, 2016 ("Appeal"). Dkt. 1. He filed an Opening Brief on December 23, 2016. Dkt. 12. The Government opposed ("Opposition Brief," (Dkt. 14)), and Fremont replied ("Reply Brief," (Dkt. 16)). The matter was taken under submission. Dkt. 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. LA CV16-07973 JAK | Date May 12, 2017 |
| Title In re John R. D. Fremont; John R. D. Fremont v. United States of America | |

## II. Statement of Facts

### A. 2001 Tax Year

As provided in the Joint Statement of Undisputed Facts submitted to the Bankruptcy Court, Fremont failed to file a timely Form 1040 for the 2001 tax year. AER, Dkt. 13-4 at ¶ 19. In a letter dated August 29, 2003, the IRS requested that Fremont file a tax return for 2001. *Id.* at ¶ 20. It also initiated an audit in which Fremont did not participate. *Id.* at ¶ 21. The IRS then issued a Substitute for Return. *Id.* at ¶ 22.

On January 14, 2004, pursuant to 26 U.S.C. § 6212, the IRS mailed Fremont a Statutory Notice of Deficiency ("Notice of Deficiency") for the 2001 tax year. *Id.* at ¶ 23. The Notice of Deficiency reported the following liabilities: tax of $20,716, failure to file penalty of $6,421.96 and failure to pay estimated tax penalty of $819.79. *Id.* Fremont was allowed 90 days from January 14, 2004 to file a petition with the Tax Court challenging the Notice of Deficiency. He did not do so. *Id.* at ¶ 24.

On July 12, 2004, the IRS assessed 2001 taxes in the amount of $20,716, and the related penalties and interest. *Id.* at ¶ 25. A Notice of Federal Tax Lien for Fremont's outstanding taxes for the 2001 tax year was recorded on June 15, 2005. *Id.* at ¶¶ 26. On July 2, 2007, the IRS received a Form 1040 from the 2001 tax year from Fremont, which reported tax liability in the amount of $14,266. *Id.* at ¶ 27. On March 17, 2008, the IRS abated $6,450 of the 2001 assessment, making the balance equal to the tax reported on the Form 1040 submitted by Fremont. *Id.* at ¶ 29.

### B. 2002 Tax Year

Fremont failed to file a timely Form 1040 for the 2002 tax year. *Id.* at ¶ 31. In a letter dated August 9, 2004, the IRS requested that Fremont file a tax return for 2002. *Id.* at ¶ 32. It also initiated an audit, in which Fremont did not participate. *Id.* at ¶ 33. The IRS then issued a Substitute for Return. *Id.* at ¶ 34. On October 5, 2004, pursuant to 26 U.S.C. § 6212, the IRS mailed Fremont a Notice of Deficiency for the 2002 tax year. *Id.* at ¶ 35. The Notice of Deficiency reported the following liabilities: tax of $30,835, failure to file penalty of $9,250.50 and failure to pay estimated tax penalty of $1,030.41. *Id.* Fremont was allowed 90 days from October 5, 2004 to file a petition with the Tax Court challenging the Notice of Deficiency. He did not do so. *Id.* at ¶ 36.

On March 2, 2005, the IRS assessed the 2002 taxes in the amount of $30,835 and the related penalties and interest. *Id.* at ¶ 37. A Notice of Federal Tax Lien was recorded on June 15, 2005. *Id.* at ¶ 38. On July 2, 2007, the IRS received a Form 1040 from the 2002 tax year from Fremont, which reported tax liability in the amount of $24,216. *Id.* at ¶ 39. On March 17, 2008, the IRS abated $6,619 of the 2002 assessment, making the balance equal to the tax reported on the Form 1040 submitted by Fremont. *Id.* at ¶ 41.

### C. 2003 Tax Year

Fremont failed to file a timely Form 1040 for the 2003 tax year. *Id.* at ¶ 43. In a letter dated March 25, 2005, the IRS requested that Fremont file a tax return for 2003. *Id.* at ¶ 44. It also initiated an audit, in which Fremont did not participate. *Id.* at ¶ 45. The IRS then issued a Substitute for Return. *Id.* at ¶ 46. On May 24, 2005, pursuant to 26 U.S.C. § 6212, the IRS mailed Fremont a Notice of Deficiency for the 2003 tax year. *Id.* at ¶ 47. The Notice of Deficiency reported the following liabilities: tax of $16,320, failure to file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV16-07973 JAK | Date | May 12, 2017 |
| Title | In re John R. D. Fremont; John R. D. Fremont v. United States of America | | |

penalty of $4,569.60 and failure to pay estimated tax penalty of $421.10. *Id.* Fremont was allowed 90 days from May 24, 2004 to petition the Tax Court to challenge the Notice of Deficiency. Again, he did not do so. *Id.* at ¶ 48.

On October 17, 2005, the IRS assessed the 2003 taxes in the amount of $16,320 and the related penalties and interest. *Id.* at ¶ 49. A Notice of Federal Tax Lien was recorded on July 16, 2007. *Id.* at ¶ 50. On July 2, 2007, the IRS received a Form 1040 from the 2003 tax year from Fremont, which reported tax liability in the amount of $9,910. *Id.* at ¶ 51. On March 17, 2008, the IRS abated $6,410 of the 2003 assessment, making the balance equal to the tax reported on the Form 1040 submitted by Fremont. *Id.* at ¶ 53.

#### D.     Installment Agreement

On August 7, 2007, Fremont entered into an installment agreement to pay his tax liabilities to the IRS for the 1999 through 2006 tax years. *Id.* at ¶ 54. The agreement provided that he would make monthly payments of $1000 for a total term of 60 months. *Id.* at ¶ 55.

#### E.     Bankruptcy and Subsequent Proceedings

On November 1, 2012, Fremont filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Central District of California. *Id.* at ¶ 1. He discontinued making installment payments to the IRS after that date. *Id.* at ¶ 56. In the debt schedules accompanying the petition, Fremont listed his outstanding federal tax liabilities due to the IRS for the years 1999 through 2006, which totaled $202,837.23. *Id.* at ¶ 2.

On February 4, 2013, Fremont received a discharge under Section 727 of the Bankruptcy Code. *Id.* at ¶ 6. His Chapter 7 bankruptcy case was closed on February 11, 2013. *Id.* at ¶ 7. The IRS determined that the tax liabilities for tax years 1999, 2000, 2004 and 2005 were discharged, but the tax liabilities for 2001, 2002 and 2003 were not. *Id.* at ¶¶ 8-9. On July 18, 2013, Fremont filed a Motion to Reopen his case to address the dischargeability of his outstanding tax liability. *Id.* at ¶ 10. The case was reopened on September 16, 2013. *Id.* at ¶ 11. On December 27, 2013, Fremont filed a Complaint seeking the following relief: (i) a determination of the dischargeability of his 2001, 2002 and 2003 tax liability; (ii) determination of the extent, nature and validity of the federal tax liens under 11 U.S.C. § 506; and (iii) violation of the discharge injunction. *Id.* at ¶ 16.

In response to the Complaint, on August 20, 2014, the Government filed a Motion for Summary Judgment. AER, Dkt. 13-3. There, the Government argued that under *In re Hatton*, 220 F.3d 1057 (9th Cir. 2000), Fremont's 2001, 2002 and 2003 tax debts were not dischargeable, because his Form 1040s were not filed until after the IRS assessed taxes and began collection. *Id.* at 2.

The Motion for Summary Judgment was denied after a hearing on October 2, 2014. AER, Dkt. 13-8. At that hearing, the Bankruptcy Judge stated that *Hatton* was likely outdated and not controlling. *Id.* at 8:19-20. Further, the Bankruptcy Judge stated that there was no evidence regarding whether Fremont's late-filed tax returns constituted an honest and reasonable attempt to comply with tax laws. *Id.* at 9:8-16. At the close of the hearing, the Government requested that the Court enter a stay until a decision was issued in *In re: Martin Smith, et al., v. United States*, Case No. 14-15857, which was then-pending before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-07973 JAK | Date | May 12, 2017 |
| Title | In re John R. D. Fremont; John R. D. Fremont v. United States of America | | |

the Ninth Circuit. *Id.* at 17:1-3. In a written order denying the Motion for Summary Judgment, the Bankruptcy Court concluded

> that the government's extensive citation of decisional law does not resolve the issue in the government's favor. This court concludes that at present, the decisional authorities do not establish that the government is entitled to judgment as a matter of law and, thus, that the government's motion must be denied. This court also cannot conclude as a matter of law that Debtor's federal tax obligations for 2001-2003 have been discharged.

AER, Dkt. 13-11 at 2.

Thereafter, the Government moved to stay this Order pending the Ninth Circuit decision in *Smith*. That motion was granted on April 28, 2015. AER, Dkt. 13-17. The decision in *Smith* was issued on July 13, 2016. AER, Dkt. 13-18. The Government then filed a Motion for Reconsideration of the Denial of the Motion for Summary Judgment. AER, Dkt. 13-19.

A hearing on the Motion for Reconsideration was held on October 4, 2016. AER, Dkt. 13-25. The Bankruptcy Court stated its conclusion that *Smith* represented an intervening change in controlling law, which provided grounds for reconsideration. *Id.* at 8:1-7. It then concluded that *Smith* supported a finding that Fremont had not made an honest and reasonable attempt to comply with tax law, and granted summary judgment to the Government. *Id.* at 11:4-10; AER, Dkt. 13-26. Judgment was entered on October 7, 2016 in favor of the Government. AER, Dkt. 13-27. Fremont filed a timely appeal to this Court on October 26, 2016. Dkt. 1.

### III.  Analysis

####   A.  Legal Standards

#####    1.  Standard of Review

In an appeal from an order of a bankruptcy court, conclusions of law are reviewed de novo and findings of fact are reviewed for clear error. *Blausey v. United States Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009) (citing *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005)). The clear error standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *United States v. Bourseau*, 531 F.3d 1159, 1164 (9th Cir. 2008) (internal quotation marks omitted). A district court may affirm on any ground supported by the record, "even if it differs from the ground relied upon by the bankruptcy court." *Thrifty Oil Co. v. Bank of America, Nat'l Trust and Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003).

#####    2.  Motions for Reconsideration

Fed. R. Civ. P. 60(b) provides the following grounds for relief from a "final judgment, order, or proceeding":

  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-07973 JAK | Date | May 12, 2017 |
| Title | In re John R. D. Fremont; John R. D. Fremont v. United States of America | | |

time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Rule 60(b)(6), which has been deemed a "catch-all" provision, "is 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)). "Accordingly, a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion.'" *Id.* (quoting *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

### B.    Application

Fremont argues that the Bankruptcy Court erred when it granted the Motion for Reconsideration. He provides the following bases for this position: (i) the decision in *Smith* did not constitute extraordinary circumstances of the sort that merit relief under Rule 60(b)(6); (ii) the Government improperly introduced and relied on new evidence in the Motion for Reconsideration; and (iii) Fremont was denied an opportunity to introduce new evidence of his good faith in filing a late tax return. None of these arguments is persuasive.

Fremont argues that the Bankruptcy Judge applied the wrong standard to the Government's Motion for Reconsideration, by applying the standard under Fed. R. Civ. P. 59(e), and not the one under Rule 60(b). Reconsideration under Rule 59(e) is appropriate when the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, Rule 59(e) does not apply when, as here, no final judgment had been entered. Thus, the reliance of the Bankruptcy Court on *Multnomah County* was misplaced.

Notwithstanding that error, as noted above, Rule 60(b) includes a catch-all provision that allows a court to grant relief from a "final judgment, order, or proceeding" for several stated reasons as well as "any other reason that justifies relief." The Ninth Circuit has held that "the proper course when analyzing a Rule 60(b)(6) motion predicated on an intervening change in the law is to evaluate the circumstances surrounding the specific motion before the court." *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009).

Here, the Bankruptcy Court denied the Government's Motion for Summary Judgment because at the time of that decision it was not clear whether a change to the bankruptcy code had abrogated controlling Ninth Circuit precedent defining a "return" for the purposes of the Bankruptcy Code. In *Hatton*, which was decided in 2000, the petitioner, Hatton, failed to file his tax return for the 1983 tax year. *Hatton*, 220 F.3d at 1058. The IRS prepared a substitute return on his behalf. *Id.* Hatton then entered into an agreement with the IRS in which he would pay $200 per month to fulfill his outstanding tax liabilities. *Id.* In 1994, he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-07973 JAK | Date | May 12, 2017 |
| Title | In re John R. D. Fremont; John R. D. Fremont v. United States of America | | |

filed for Chapter 7 bankruptcy, and in those proceedings attempted to obtain a discharge of his remaining liabilities. *Id.* at 1058-59.

Under 11 U.S.C. § 727(b), the general rule is that "a debtor who files a Chapter 7 bankruptcy petition is discharged from personal liability for all debts incurred before the filing of the petition, including those related to unpaid taxes." *Id.* at 1059-60. At the time *Hatton* was decided, there were several exceptions to this rule set forth in the Bankruptcy Code. These included those set forth in 11 U.S.C. § 523(a)(1), which provided that

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--
> (1) for a tax or a customs duty--
> (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
> (B) with respect to which a return, if required--
> (i) was not filed; or
> (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such a tax.

*Hatton* noted that the Bankruptcy Code did not define the word "return." *Hatton*, 220 F.3d at 1060. It then adopted the following definition of that word from the decision of the Tax Court in *Beard v. Commissioner*, 82 T.C. 766, 1984 WL 15573 (1984):

> In order for a document to qualify as a return: (1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law.

*Hatton*, 220 F.3d at 1060-61 (internal quotations omitted). The court then held that the installment agreement and substitute return did not qualify as tax returns under that definition, because neither document was signed under penalty of perjury and neither was an honest and reasonable attempt to satisfy the requirements of the tax law. The court rejected Hatton's contrary argument in the following passage:

> Hatton's belated acceptance of responsibility . . . does not constitute an honest and reasonable attempt to comply with the requirements of the tax law. Instead, Hatton made every attempt to avoid paying his taxes until the IRS left him with no other choice. Because Hatton never filed a return and only cooperated with the IRS once collection became inevitable, the bankruptcy court erred in concluding that section 523 did not except Hatton's tax liability from discharge.

*Id.* at 1061.

In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). BAPCPA added the following, unnumbered paragraph (called the "hanging paragraph") to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-07973 JAK | Date | May 12, 2017 |
| Title | In re John R. D. Fremont; John R. D. Fremont v. United States of America | | |

Section 523(a) of the Bankruptcy Code:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

As a result of this amendment in which the "hanging paragraph" was added, the Bankruptcy Court in this action expressed doubt at the hearing on the Motion for Summary Judgment as to whether *Hatton* remained controlling.

In *In re Smith*, 828 F.3d 1094 (9th Cir. 2016), the Ninth Circuit addressed this question. It held that the statutory amendment did not change the rule of *Hatton*. In that case, Smith did not file a timely tax return for the 2001 tax year. *Id.* at 1096. The IRS prepared a Substitute for Return and, in 2006, assessed a deficiency against him. *Id.* Three years later, Smith filed a Form 1040 for 2001 in which he wrote, "original return to replace SFR." *Id.* The IRS permitted him to pay his tax bill in monthly payments of $150. *Id.* Smith subsequently declared bankruptcy and sought to have his outstanding tax debt discharged. *Id.*

*Smith* held that the four-part *Beard* test adopted in *Hatton* still controlled as the applicable definition of the word "return" in the Bankruptcy Code. Applying that test, the court concluded:

> Here, Smith failed to make a tax filing until seven years after his return was due and three years after the IRS went to the trouble of calculating a deficiency and issuing an assessment. Under these circumstances, Smith's "belated acceptance of responsibility" was not a reasonable attempt to comply with the tax code. Many of our sister circuits have held that post-assessment tax filings are not "honest and reasonable" attempts to comply and are therefore not "returns" at all. *See In re Justice*, 817 F.3d [738,] 746 [(11th Cir. 2016)]; *In re Payne*, 431 F.3d 1055, 1057-60 (7th Cir. 2005); *In re Moroney*, 352 F.3d 902, 907 (4th Cir. 2003); *In re Hindenlang*, 164 F.3d 1029, 1034-35 (6th Cir. 1999). *But see In re Colsen*, 446 F.3d 836, 840-41 (8th Cir. 2006).

*Id.* at 1097. The opinion then added:

> We need not decide the close question of whether *any* post-assessment filing could be "honest and reasonable" because these are not close facts; the IRS communicated with Smith for years before assessing a deficiency, and Smith waited several more years before responding to the IRS or reporting his 2001 financial information.

*Id.* (emphasis in original).

Under the circumstances present here, *Smith* provided a proper basis for the Government's Motion for Reconsideration. Fremont cites to *United States v. Real Prop.*, 164 F.R.D. 496, 500 (C.D. Cal. 1995) to support the position that ordinarily, a change in the law does not present an extraordinary circumstance sufficient to form the basis for a motion under Rule 60(b). However, in reaching this conclusion, *Real Property* relied on *Tomlin v. McDaniel*, 865 F.2d 209 (9th Cir.1989), which was explicitly overruled in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-07973 JAK | Date | May 12, 2017 |
| Title | In re John R. D. Fremont; John R. D. Fremont v. United States of America | | |

*Phelps*, 569 F.3d at 1134. *Phelps* established the operative rule: A "case-by-case inquiry" governs the application of Rule 60(b)(6) in the context of an intervening change in the law. *Id.*

Here, the Government sought reconsideration of a denial of its Motion for Summary Judgment, and not from a final judgment. Thus "'the strong public interest in [the] timeliness and finality' of judgments" is not implicated. *Phelps*, 569 F.3d at 1135 (quoting *Flores v. Arizona*, 516 F.3d 1140, 1163 (9th Cir. 2008)). Indeed, were the decision of the Bankruptcy Court vacated, and the matter remand for further proceedings, the Government would likely re-file its Motion for Summary Judgment, as to which the outcome would be the same as the present one. Further, Fremont's argument that *Smith* did not change, but only clarified the law, is unpersuasive. The Bankruptcy Court made it clear that the unsettled state of the law precluded granting the Motion for Summary Judgment. *Smith* settled the law. In this context, it represented a significant change.

The facts in *Smith* are remarkably similar to those presented here. Smith did not file a timely tax return for the 2001 tax year. *Smith*, 828 F.3d at 1095. In March 2006, the IRS mailed him a Notice of Deficiency. *Id.* at 1096. After Smith failed to challenge the Notice of Deficiency within the 90-day deadline, the IRS assessed a deficiency against him. *Id.* Smith filed a Form 1040 three years after the deficiency was assessed. *Id.* Here, Fremont did not file timely tax returns for the 2001, 2002 or 2003 tax years. The IRS mailed him a Notice of Deficiency for the 2001 and 2002 tax years in 2004, and for the 2003 tax year in 2005. Fremont did not challenge any of the Notices of Deficiency within the 90-day deadlines. The IRS assessed a deficiency against him for the 2001 tax year in 2004, and for the 2002 and 2003 tax years in 2005. Fremont filed his Form 1040s for these years in 2007. Thus, as in *Smith*, "the IRS communicated with [Fremont] for years before assessing a deficiency, and [Fremont] waited several more years before responding to the IRS or reporting his 2001[, 2002 and 2003] financial information." *Smith*, 828 F.3d at 1097.

Fremont argues that the Bankruptcy Court improperly relied on new evidence from the Government and denied Fremont the opportunity to submit responsive evidence. The Government did submit several pages from the transcript of a deposition of Fremont that had not been attached to its original Motion for Summary Judgment. AER, Dkt .13-23. However, there is no showing that the Bankruptcy Court considered this new evidence. Nor is there any showing that, in light of the holding in *Smith*, such evidence had any bearing on the analysis of the legal issues. Further, Fremont acknowledges that his deposition had not been taken as of the date of the order denying the original Motion for Summary Judgment. Dkt. 12-2 at 13. Thus, the deposition testimony could itself provide a basis for a Motion for Reconsideration under Rule 60(b)(2), which allows parties to move for reconsideration on the basis of newly discovered evidence. There is also no showing that Fremont could not respond as to what he stated in his own deposition testimony.

Finally, Fremont argues that he was denied a full and fair opportunity to provide evidence of his good faith in submitting late tax returns. But, what is not shown once again is why he could not have submitted any such evidence either in response to the initial Motion for Summary Judgment or the Motion for Reconsideration that attached his new deposition testimony. Further, in *Smith*, the Ninth Circuit stated that it need not reach the question "whether *any* post-assessment filing could be 'honest and reasonable'" because the facts in that case "are not close facts; the IRS communicated with Smith for years before assessing a deficiency, and Smith waited several more years before responding to the IRS or reporting his 2001 financial information." *Smith*, 828 F.3d at 1097. As discussed above, the undisputed facts show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV16-07973 JAK | Date | May 12, 2017 |
| Title | In re John R. D. Fremont; John R. D. Fremont v. United States of America | | |

that the same circumstances are present here.

### IV.  Conclusion

For the reasons stated in this Order, the decision of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED.**

Initials of Preparer    ak

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11600 Washington Place, Suite 116A, Los Angeles, CA 90066

A true and correct copy of the foregoing document entitled: NOTICE OF APPEAL will be served or was served **(a)** on the judge in chambers in the form and manner required; and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 9, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED PAGE

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LR, on June 9, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Personal Delivery:

United States District Court, Central District of California
Attn: Honorable John A. Kronstadt, District Judge
350 W. 1st Street, 4th Floor
Los Angeles, CA 90012.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/09/2017 | Lauren Martin | /s/ Lauren Martin |
|---|---|---|
| Date | Printed Name | Signature |

## PROOF OF SERVICE OF DOCUMENT
(Attachment to Official Form A-2 Notice of Appeal)

### 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- Deborah R. Bronner  debbronner@aol.com
- Charles Parker  charles.parker@usdoj.gov
- United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov